# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

**EDIBLE IP, LLC**
and
**EDIBLE ARRANGEMENTS, LLC,**

      **Plaintiff,**

      -against-

**1-800-FLOWERS.COM, INC.**
and
**800-FLOWERS, INC.,**

      **Defendants**.

Civil Action No. 1:20-cv-2405-SCJ

## STIPULATED PROTECTIVE ORDER

WHEREAS Edible IP, LLC, Edible Arrangements, LLC, 1-800-Flowers.com, Inc., and 800-Flowers, Inc. (the "Parties") each possess information relating to this matter that they consider confidential;

WHEREAS, the Parties recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential information to the other party, but they desire to ensure that such confidential information shall not be made public;

WHEREAS, the Parties, by and through their respective counsel of record, have stipulated to entry of this Order to prevent unnecessary disclosure or dissemination of their confidential information;

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the Parties, and subject to the approval of the Court, as follows:

## I. PROCEEDINGS AND INFORMATION GOVERNED.

1. This Order ("Protective Order"), made under Fed. R. Civ. P. 26(c), governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Highly Confidential – Outside Attorneys' Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. Such information may only be used for purposes of this litigation.

## II. DESIGNATION AND MAINTENANCE OF INFORMATION.

2. For purposes of this Protective Order:

(a) the "Confidential Information" designation means that the document is comprised of information or items containing or reflecting confidential or

commercial information that is not publicly known or other information required by law or agreement to be kept confidential;

(b)     the "Highly Confidential – Outside Attorneys' Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, (i) proprietary financial or technical information, (ii) commercially sensitive competitive information, (iii) information obtained from a non-party pursuant to a nondisclosure agreement, (iv) strategic plans or technical documents that the producing party reasonably believes would reveal trade secrets, (v) settlement agreements or settlement communications, and (vi) confidential technical, sales and financial information if the producing party reasonably believes that the disclosure of such information is likely to cause economic harm or competitive disadvantage to the producing party; and

(c)     As used herein, "Protected Material" refers to materials or information designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" under the terms of this Protective Order.

3.     Documents and things produced during the course of this litigation within the scope of Paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a "Confidential" legend.  For documents produced in native format, the designating party may designate the confidentiality of the produced document in the file name.

When designating native documents in the file name an abbreviation of "Conf" for "Confidential Information" will suffice.

4. Documents and things produced during the course of this litigation within the scope of Paragraph 2(b) above may be designated by the producing party as containing Highly Confidential – Outside Attorneys' Eyes Only Information by placing on each page and each thing a legend substantially as follows: "Highly Confidential – Outside Attorneys' Eyes Only." For documents produced in native format, the designating party may designate the confidentiality of the produced document in the file name. When designating native documents in the file name an abbreviation of "HC-OAEO" for "Highly Confidential – Outside Attorneys' Eyes Only Information" will suffice.

5. A party may designate information disclosed at a deposition as Protected Material by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Highly Confidential – Outside Attorneys' Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Highly Confidential – Outside

Attorneys' Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Material.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Protected Material in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order. To the extent that entire deposition transcripts or large portions of deposition transcripts are marked as containing Protected Material, the Parties shall work in good faith to de-designate as much material as possible before the deadlines for dispositive motions and pretrial filings.

### III.   INADVERTENT FAILURE TO DESIGNATE.

6. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material.  In the event that the producing party inadvertently fails to designate qualified information as Protected Material, it may at any time, make a confidentiality designation subsequently by notifying all parties or persons to whom such discovery information was produced, in writing, as soon

as practicable. Upon correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. If at the time of such correction, the receiving party has already disclosed the Protected Material in a manner inconsistent with the corrected designation, the receiving party shall comply with the procedures set forth at Paragraphs 19–20 below. Upon written agreement or order of the Court that confidential information shall be treated as Protected Material, the producing party or person shall re-produce the confidential information with the appropriate confidentiality designation.

### IV.  CHALLENGE TO DESIGNATIONS.

7.  A party may request in writing to the other party that the designation given to any information be modified or withdrawn. If the designating party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting party may contact the Court for relief. Under such circumstances, the burden shall be on the designating party to show why its classification is proper, and the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Court, and any other applicable orders or procedures of this Court shall apply. Pending the Court's determination, the designation of the designating party shall be maintained.

## V. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

8. Pursuant to Fed. R. Evid. 502(d) and (e), production of privileged or work-product protected documents or information, including electronically stored information, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding. A party may request the return or destruction of such information, which request shall identify the information and provide an appropriate log. When a producing party or receiving party identifies such privileged or protected information, a receiving party: (i) shall not use, and shall immediately cease any prior use of, such information; (ii) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; and (iii) shall within five (5) business days of the producing party's request return to the producing party or destroy the information and destroy all copies thereof. Should a dispute arise as to whether the information produced is in fact privileged or subject to the work-product doctrine, nothing in this paragraph shall prevent the receiving party from seeking relief from the Court if the parties reach an impasse.

## VI. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.

9. Absent agreement of the parties, information designated as Protected Material may only be disclosed to or used by persons expressly authorized under this Protective Order. In addition, a receiving party may disclose and/or use Protected

Material only to the extent such disclosure or use is reasonably necessary to prosecute, defend, or attempt to settle this case, including any appeal.

10. Subject to Paragraph 12 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, and only if such individuals covered by sections (a)–(b) and (e) of this paragraph agree to and sign the Confidentiality Agreement in the form attached as Exhibit A of this Protective Order:

(a) up to six (6) in-house counsel or other employees;

(b) outside counsel for the receiving party;

(c) supporting personnel employed by outside counsel for the receiving party, such as paralegals, legal secretaries, data entry clerks, and legal clerks;

(d) experts or consultants retained through outside counsel for the purpose of this litigation and their direct reports and support staff;

(e) any persons retained through outside counsel to furnish services such as document review or coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, the creation of any computer database from documents, or other similar litigation services; and

(f) the Court and its personnel and any other persons or authorities as the Court orders or directs.

11.  Subject to Paragraph 12 below, "Highly Confidential – Outside Attorneys' Eyes Only Information" may be disclosed by the receiving party only to the individuals described in paragraph 10 (b)-(f) above, provided that such individuals covered by paragraph 10(d) agree to and sign the Confidentiality Agreement in the form attached as Exhibit A of this Stipulated Protective Order.

12.  Except as may be otherwise ordered by the Court, any person may be examined at deposition about any Protected Material to the extent such person previously authored, received, or otherwise has knowledge of the Protected Material. Without in any way limiting the generality of the foregoing, a receiving party may disclose Protected Material to a person who is not already allowed access to such information if:

(a)  the person is a current director, officer, or employee of the designating party;

(b)  the person is selected by the designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(c)  the person is a former director, officer, or employee of the designating party and previously authored or received the Protected Material; or

(d)  counsel for the designating party agrees that the Protected Material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of the Protected Material. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

## VII.  NON-PARTY INFORMATION.

13. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order. In the event that a third party produces information in this action but does not mark the information as "Highly Confidential – Outside Attorneys' Eyes Only", all persons having access to the information nevertheless shall treat the information as Highly Confidential – Outside Attorneys' Eyes Only for a period of fourteen (14) days, during which time, either Plaintiffs or Defendants may designate material produced by the third party as Protected Material if they determine that the information belongs to them and would have been so designated had they produced it.

## VIII. FILING DOCUMENTS WITH THE COURT.

14. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any information or items designated in this action as Protected Material. A party that seeks to file under seal any Protected Material must do so in accordance with the provisions of the United States District Court for the Northern District of Georgia's Revised Electronic Case Filing Standing Order and Administrative Procedures and N.D. Ga. LR LR 5.1(A). The filing party will thereafter confer with opposing counsel regarding the redactions to be made prior to the filing of public versions of the document pursuant to the Court's procedures.

15. Producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, will not (i) operate as an admission by any party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (ii) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (iii) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (iv) prejudice the rights of a party to apply to the Court for further protective orders; or (v) prevent the Parties from agreeing in writing to alter or waive the provisions or

protections provided for in this Protective Order with respect to any particular information or material.

## IX.  CONCLUSION OF LITIGATION.

16.  Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Protected Material and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.  Additionally, no entity is required to destroy information retained on a disaster recovery backup system.

17.  Even after final judgment, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing party agrees otherwise in writing, the information becomes public, or a court order otherwise directs.

## XI.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

18.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed to any person or in any circumstance not authorized under this Protective

Order, the receiving party must immediately (i) notify in writing the disclosing party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (iv) request such person or persons to execute the Confidentiality Agreement in the form that is attached hereto as Exhibit A.

19. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**XII. REMEDIES.**

20. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

21. Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

**XIII. OTHER PROCEEDINGS.**

22. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person

or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential Information" or "Highly Confidential – Outside Attorneys' Eyes Only Information" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**AGREED:**

Dated: February 8, 2022

| | |
|---|---|
| **MAHAFFEY PICKENS TUCKER, LLP** | **KILPATRICK TOWNSEND & STOCKTON LLP** |
| By: /s/*Andrew D. Stancil* | By: /s/ *Charles H. Hooker III* |
| Andrew D. Stancil | Judith A. Powell |
| GA Bar No. 557272 | GA Bar No. 586125 |
| astancil@mptlawfirm.com | jpowell@kilpatricktownsend.com |
| 1550 North Brown Road | Charles H. Hooker III |
| Suite 125 | GA Bar No. 375622 |
| Lawrenceville, Georgia 30043 | chooker@kilpatricktownsend.com |
| Phone: (770) 232-0000 | Erica C. Chanin |
| | GA Bar No. 498377 |
| **MCKOOL SMITH, P.C.** | echanin@kilpatricktownsend.com |
| Nicholas T. Matich (*pro hac vice*) | **Kilpatrick Townsend & Stockton LLP** |
| nmatich@mckoolsmith.com | 1100 Peachtree Street, Suite 2800 |
| Eliza Beeney (*pro hac vice*) | Atlanta, Georgia 30309-4528 |
| ebeeney@mckoolsmith.com | Phone: (404) 815-6500 |
| Grant L. Johnson (*pro hac vice*) | |
| gjohnson@mckoolsmith.com | *Attorneys for Defendants* |
| **McKool Smith P.C.** | |
| 1999 K Street, N.W. | |
| Washington, DC 20005 | |
| Phone: (202) 402-9400 | |

*Attorneys for Plaintiffs*

SO ORDERED on this  10th  day,  February  2022.

      s/Steve C. Jones
          United States District Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **EDIBLE IP, LLC** <br> **and** <br> **EDIBLE ARRANGEMENTS, LLC,** <br><br> Plaintiff, <br><br> -against- <br><br> **1-800-FLOWERS.COM, INC.** <br> **and** <br> **800-FLOWERS, INC.,** <br><br> **Defendants**. | Civil Action No. 1:20-cv-2405-SCJ |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
<u>CONSULTANT OR EMPLOYEES OF ANY PARTY</u>**

1. My name is

   _____.

2. I reside

   at _____

   _____.

3. My current employer

   is _____.

4. My current occupation or job description is _____ .

5. I have read the Stipulated Protective Order dated _____, 20\_\_\_, and have been engaged as _____ on behalf of _____ in the preparation and conduct of the above-caption case.

6. I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Highly Confidential – Outside Attorneys' Eyes Only Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order. I agree not to use any Confidential Information or Highly Confidential – Outside Attorneys' Eyes Only Information disclosed to me pursuant to the Protective Order except as permitted under the Protective Order and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as

confidential or by order of the presiding judge. I also agree to notify any support staff who are required to assist me of the terms of this Protective Order and require them to likewise sign this undertaking.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Highly Confidential – Outside Attorneys' Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Highly Confidential – Outside Attorneys' Eyes Only Information are to be destroyed or returned to counsel who provided me with such documents and materials.

Signature: _____

Print Name: _____

Date: _____